UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JEREMIAH RONALD BECKWORTH,

   Plaintiff,

  v.           CAUSE NO.: 3:19-CV-912-RLM-MGG

WESTVILLE CORRECTIONAL
FACILITY,

   Defendant.

## OPINION AND ORDER

Jeremiah Ronald Beckworth, a prisoner without a lawyer, filed a complaint. This court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." Savory v. Lyons, 469 F.3d 667, 670 (7th Cir. 2006). "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Mr. Beckworth alleges that, on July 23, 2019, he transferred to the Westville Control Unit. During the twenty-four hours immediately following his arrival, he was placed in a cell with no bedding and foul odors, and he wasn't assigned a suicide companion. He seeks money damages and injunctive relief.

Based on these allegations, Mr. Beckworth asserts that his Eighth Amendment rights have been violated and he names the Westville Correctional Facility as the only defendant. To establish an Eighth Amendment claim for deliberate indifference to serious medical needs, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. Farmer v. Brennan, 511 U.S. 825, 834 (1994). An Eighth Amendment conditions of confinement claim also requires both an objective and a subjective inquiry. Id. For conditions of confinement claims, the objective prong asks whether the alleged deprivation is "sufficiently serious" so that "a prison official's act results in the denial of the minimal civilized measure of life's necessities." Id. Mr. Beckworth might be able to assert valid claims, but the Westville Correctional Facility is a building, not an individual or even a policy-making unit of government that can be sued pursuant to 42 U.S.C. § 1983. See Sow v. Fortville Police Dep't, 636 F.3d 293, 300 (7th Cir. 2011). Because he hasn't named a proper defendant, he can't proceed on this complaint.

Mr. Beckworth may file an amended complaint. See Luevano v. Wal-Mart, 722 F.3d 1014 (7th Cir. 2013). If he chooses to file an amended complaint, he should obtain the court's approved form from the prison law library, and he must put the case number of this case on it, which is on the first page of this order. He must describe his interactions with each individual defendant at the Westville Correctional Facility in detail, including names, dates, location, and explain how each defendant was responsible for harming him.

As a final matter, Mr. Beckworth has not resolved his filing fee status. To proceed with this case, Mr. Beckworth must resolve his filing fee status by either immediately paying the filing fee in full or by filing a motion for leave to proceed in forma pauperis his trust fund ledgers for the last six months attached. If he chooses to file a motion for leave to proceed in forma pauperis, he may obtain the court's form at the prison law library.

For these reasons, the court GRANTS Jeremiah Ronald Beckworth until <u>November 25, 2019</u>, to file an amended complaint and to resolve his filing fee status. If Mr. Beckworth doesn't respond by that deadline, this case will be dismissed without further notice.

SO ORDERED on October 22, 2019

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT